**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SUMMER SEARS** — **CIVIL ACTION**

**v.** — **NO: 25-2550**
**c/w NO: 25-2551**

**CITY OF SLIDELL, ET AL.** — **SECTION: C (4)**

## ORDER AND REASONS[1]

Before the court are: Defendant GM Financial's Motion to Dismiss (R. Doc. 17) filed February 26, 2026[2]; the Rule 12(B)(6) Motion to Dismiss Complaint (R. Doc. 23) filed March 12, 2026 by defendants, City of Slidell, Bryan LeBlanc, Kevin Kellum, Ashley Neveaux, Joshua Funk, Michael Rice, and Randy Fandal; the Motion to Dismiss (R. Doc. 28) filed April 6, 2026 by defendants, Carly Davis, Darren Guillot, Christopher Wallace, and Gulf Coast Asset Recovery, L.L.C.[3]; the Motion to Dismiss (R. Doc. 29) filed April 6, 2026 by defendants, Christopher Wallace and Gulf Coast Asset Recovery, L.L.C.[4]; and the Motion to Clarify Scope of Consolidation (R. Doc. 31) filed April 7, 2026 by plaintiff, Summer Sears.

## I. BACKGROUND

---

[1] The plaintiffs are proceeding *pro se*.
[2] The actual defendant is AmeriCredit Financial Services, Inc. d/b/a GM Financial.
[3] These defendants were allowed to amend their motion to the corrected form, which the court reviewed (R. Doc. 30-2).
[4] This motion is applicable to the complaint filed by plaintiff, Sabriya S. Cooks, in the consolidated matter 25-2551.

*A. Sears*

Sears sues several defendants in their official and individual capacities arising out of an alleged incident on December 18, 2024.[5] She contends her civil liberties were violated when defendants attempted to repossess a vehicle she occupied.[6] Sears admits she refused to get out of the vehicle and alleges she was injured when the repossession agent, Christopher Wallace, began to tow the vehicle.[7] She claims she called police and requested medical attention, eventually lost consciousness, and required aid.[8] The specific factual allegations are:

> Defendant **Christopher Wallace**, operating on behalf of **Gulf Coast Asset Recovery**, blocked Plaintiff's vehicle and attempted to repossess it. Wallace failed to provide any identification, paperwork, or legal authority for the repossession. While Plaintiff remained seated inside the vehicle, Wallace **lifted the vehicle**, placing Plaintiff in physical danger and causing injury. Plaintiff called 911 requesting police assistance and medical aid. **Officer Ashley Neveaux**, working Walmart detail, arrived on scene, **laughed at Plaintiff**, refused to take a police report, refused to demand paperwork or identification from Wallace, and falsely stated Plaintiff "climbed into" the vehicle. Additional officers arrived, including **Kevin Kullum** and **Bryan LeBlanc**, who failed to intervene or stop the unlawful conduct. **Supervisor Michael Rice** approved the tow operator's actions and directed officers to threaten Plaintiff with arrest for criminal trespass. **Acadian Ambulance Service** personnel stood by and failed to render aid while Plaintiff remained in danger. Plaintiff later lost consciousness and required emergency medical treatment. After the incident, **Randy Fandal** ratified the conduct and told Plaintiff there was "no such thing as breach of peace," justifying the tow operator's actions. **Sgt. Joshua Funk** refused to release CAD logs, body-worn camera footage, and

---

[5] R. Doc. 1.
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.* at 2–3.

> other public records, failed to conduct a proper investigation, and improperly merged Plaintiff's assault with unrelated matters. **GM Financial** authorized the repossession despite notice that the vehicle belonged to a deceased estate and succession proceedings were pending.

(emphasis in original).[9]

The defendants named by Sears are: City of Slidell, Ashley Neveaux, Kevin Kellum, Bryan LeBlanc, Michael Rice, Randy Fandal, Joshua Funk, Christopher Wallace, Gulf Coast Asset Recovery (GCAR), Carly Davis, Darren Guillot, GM Financial, and Acadian Ambulance Service.[10]

Sears makes the following claims for relief: (1) 42 U.S.C. § 1983 (unlawful seizure and excessive force) against Wallace and the police officers; (2) 42 U.S.C. § 1983 (denial of medical care) against all defendants; (3) 42 U.S.C. § 1983 (failure to intervene) against all defendants; (4) 42 U.S.C. § 1983 (due process and access to courts) against all defendants; (5) 42 U.S.C. § 1985 (conspiracy) against all defendants; (6) *Monell* claim against the City of Slidell; and (7) supplemental state law claims against all defendants.[11,12]

*B. Cooks*

---

[9] *Id.*
[10] *Id.* at 2.
[11] Sears lists the following non-exclusive state law claims: assault, battery, negligence, intentional infliction of emotional distress, false imprisonment, conversion, wrongful repossession, unfair trade practices, and any other torts recognized under Louisiana law. *Id.* at 4.
[12] *Id.* at 3–4.

Plaintiff, Sabriya S. Cooks, alleges her civil liberties were violated by the December 18, 2024 events. She says she was not present when her mother, Sears, was allegedly injured.[13] In fact, she pleads that she "was not present when the vehicle was initially lifted and arrived solely to assist and advocate for her mother."[14] She says the vehicle occupied by Sears belonged to the estate of Sears' mother, and Sears was an heir to the estate.[15] Cooks claims to have witnessed Slidell police threaten Sears with arrest if she did not get out of the vehicle to allow it to be repossessed.[16] Cooks alleges Officer LeBlanc used force, pushing Cooks to the ground.[17] She claims Officers Neveaux and Kellum were present but did not intervene.[18] She contends Lieutenant Rice, the on-scene supervisor, observed the force used but neither intervened nor suggested Cooks be assessed for injury.[19] He then directed that Cooks be taken into custody.[20] Cooks argues her arrest was without probable cause, and that she sustained physical injuries, emotional distress, and humiliation from the incident.[21] She says her arrest was connected to then-ongoing court proceedings involving an eviction judgment and was "relevant to

---

[13] R. Doc. 1 (case no. 25-cv-2551) at 7.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

subsequent law-enforcement conduct and retaliation."[22] Criminal proceedings related to the December 18, 2024 events resulted in Cooks being convicted.[23] The conviction is being appealed in Louisiana state court.[24]

Cooks' defendants are: City of Slidell, Ashley Neveaux, Kevin Kellum, Bryan LeBlanc, Michael Rice, Christopher Wallace, and GCAR.[25] All defendants, except Slidell and GCAR, are sued in their individual and official capacities.[26] Slidell and GCAR are sued only in their official capacities.[27]

Cooks asserts the following claims for relief: (1) 42 U.S.C. § 1983 (unlawful seizure) against all defendants; (2) 42 U.S.C. § 1983 (excessive force) against all defendants; (3) 42 U.S.C. § 1983 (failure to intervene) against all defendants; and (4) *Monell* claim against the City of Slidell.[28]

## II. ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to set forth factual allegations that would

[22] *Id.* at 7–8.
[23] *Id.* at 8.
[24] *Id.*
[25] *Id.* at 9.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 12–13.

entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the application of judicial experience and common sense. *Id.* at 679.

Although detailed factual allegations are not required, a complaint must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citation omitted). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

While a pro se litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law." *Wells v. Gautreaux*, 771 F. Supp. 3d 842, 847 (M.D. La. 2025) (citation and internal quotation marks omitted). Courts are "not required to search for or try to create causes of actions or find material issues of fact for pro se plaintiffs." *Id.* (citation omitted).

*A. Motions to Dismiss (Sears Complaint) —- GM Financial, GCAR, Carly Davis, Darren Guillot, and Christopher Wallace*

Sears asserts three section 1983 claims, one section 1985 claim, and numerous state law claims against GM Financial, GCAR, Davis, Guillot, and Wallace. She adds a section 1983 claim for unlawful search and seizure against Wallace.

Section 1983 provides a remedy against "every person who, under color of" state law, deprives another of any right secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). The requirement that the alleged tortfeasor act "under the color of" state law generally excludes private actors from the statute's purview. *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). A private actor who is a "willful participant in joint activity with the State or its agents" may be liable. *Carpenter v. Webre*, N. 17-cv-808, 2018 WL 1453201, at *23 (E.D. La. March 23, 2018) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). In that circumstance, a

plaintiff must allege (1) "an agreement between the private and public defendants to commit an illegal act" and (2) "an actual deprivation of constitutional rights". *Cinel*, 15 F.3d at 1343 (internal citations omitted).

A section 1985(3) claim requires a conspiracy between at least two people to deprive another person of the equal protection of the law. *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994). A section 1985(3) plaintiff must allege the intent to discriminate based on race or other protected class. *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir. 1987).

1. GM Financial

Sears alleges GM Financial authorized the repossession "despite notice that the vehicle belonged to a deceased estate and succession proceedings were pending."[29] GM Financial is a private actor, thus, only liable under section 1983 if there is an agreement with a state actor to commit an illegal act. *See Cinel*, 15 F.3d at 1343. Sears makes no allegation of an agreement between GM Financial and the City of Slidell or its police officers reflecting anything related to the repossession, much less an agreement reflecting the intent to violate Sears' civil rights. Sears' section 1983 claims against GM Financial fail.

---

[29] R. Doc. 1 at 3.

The section 1985(3) claim against GM Financial makes no allegation of a conspiracy between GM Financial and any other actor, nor does it allege discriminatory intent. That claim fails.

Finally, the state law claims fail to meet federal pleading standards. Sears appears to allege all defendants engaged in a list of state law violations, plus "any other torts recognized under Louisiana law."[30] There are no individualized allegations against any defendant, including GM Financial. A complaint must provide "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Sears' non-particularized assertions fail to provide adequate notice. The state law claims against GM Financial are dismissed.

2. Wallace, GCAR, Davis, and Guillot

For the same reasons the claims against GM Financial fail, Sears makes no plausible section 1983 or 1985 claims against Wallace, GCAR, Davis, or Guillot.

Relative to Wallace and his alleged employer, GCAR, Sears alleges she made a 9-1-1 call to complain about the tow. That call prompted Slidell police to respond. Sears alleges Wallace, a private actor, began towing the vehicle *before* she called 9-1-1. This timing sequence, specifically, the tow, the 9-1-1 call, then the Slidell police response, defeats any claim of a prior agreement or conspiracy between either Wallace or GCAR and any state actor to infringe on Sears' civil rights related to the

[30] *Id.* at 4.

tow. Additionally, Sears' state law claims are not particularized. She fails to assert facts that identify which claims are applicable to which defendant(s). Thus, they are inadequately pled.

Sears lists Davis as "a qualifying agent and co-owner of Gulf Coast Asset Recovery", and Guillot as "an owner of Gulf Coast Asset Recovery". Other than those statements, Sears makes no other mention of Davis or Guillot. Both are private actors. With no allegations of any illegal acts, much less a conspiracy or agreement with anyone to commit an illegal act, the claims against Davis and Guillot fail.

Also, Davis and Guillot are members and managers of GCAR, a limited liability company organized under Mississippi law. Under both Mississippi and Louisiana law, members and managers of limited liability companies are not responsible for company liabilities "solely by reason of being a member, acting as a manager or acting as an officer of the limited liability company". *Lancaster v. Miller*, 319 So. 3d 1174, 1180 (Miss. Ct. App. 2021) (citing Mississippi Code Annotated section 79-29-311(1)); *see also Ogea v. Merritt*, 2013-1085 (La. 12/10/13); 130 So. 3d 888, 906–07 (citing Louisiana Revised Statutes Section 12:1320). Both Mississippi and Louisiana permit personal liability for an individual member's tortious acts. *Lancaster*, 319 So. 3d at 1180; *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 564 (E.D. La. 2022) (citing Louisiana Revised Statutes Section 12:1320). But, here, no illegal or tortious acts

are alleged relative to Davis and Guillot. All claims against Wallace, GCAR, Davis, and Guillot are dismissed.

### *B. Motion to Dismiss (Sears Complaint) — City of Slidell, Bryan LeBlanc, Kevin Kellum, Ashley Neveaux, Joshua Funk, Michael Rice, and Randy Fandal*[31]

#### 1. Slidell

Sears asserts the City of Slidell is liable for maintaining "policies, customs, practices, and ratification that caused the constitutional violations" when the vehicle she occupied was allegedly repossessed.[32]

Municipalities are "persons" within the meaning of section 1983. In *Monell*, the Supreme Court held that a government entity is only liable under section 1983 when that entity causes the constitutional violation. 436 U.S. at 694. To succeed, a plaintiff must demonstrate (1) an official policy or custom that is facially unconstitutional or adopted with deliberate indifference, (2) the policy was the "moving force" behind the constitutional deprivation, and (3) a direct causal link between the policy and the violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). "An official policy is evinced by a widespread pattern or practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy or, occasionally, when an official with

---

[31] For the reasons noted above, the court dismisses all state law claims against these defendants for Sears' failure to state her claims with particularity.
[32] *Id.* at 3.

final policymaking authority ratifies a subordinate's unconstitutional conduct." *Martinez v. City of Rosenberg*, 123 F.4th 285, 289 (5th Cir. 2024) (internal quotation marks and citations omitted). To prove the existence of a custom under *Monell*, a plaintiff must show "a pattern of abuses that transcends the error made in a single case." *Benfer v. City of Baytown, Texas*, 120 F.4th 1272, 1286 (5th Cir. 2024) (citation omitted). "A successful showing of such a pattern requires similarity and specificity; prior incidents cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Id.* (citation omitted).

Sears fails to adequately plead a constitutional violation by the City of Slidell or its police officers, either relative to the tow or their subsequent intervention. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*Monell* does not authorize "the award of damages against a municipal corporation based on the actions of one of its officers when ... the officer inflicted no constitutional harm"). Sears also fails to identify an official policy or custom leading to any alleged violation of her constitutional rights, nor does she plead any pattern of acts or unlawful activity by the City of Slidell and its officials. Sears' *Monell* claim is dismissed.

2. LeBlanc, Kellum, Neveaux, Funk, Rice, and Fandal

LeBlanc, Kellum, Neveaux, Funk, Rice, and Fandal are Slidell police officers. Sears asserts section 1983 claims against them for unlawful seizure and excessive

force, denial of medical care, failure to intervene, and access to the courts. She also alleges a conspiracy under section 1985.

Sears pleads no facts suggesting a plausible conspiracy between the Slidell officers and other defendants. Further, even if Sears alleged a plausible conspiracy, which she does not, she asserts no discriminatory intent on the part of the Slidell officers. Thus, her section 1985 claim fails.

Sears' section 1983 access to court claim fails. Access to court is a "facilitative right" and must be "adequate, effective, and meaningful". *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994) (internal quotation marks and citations omitted). Interference with such access can support a section 1983 claim. Here, Sears alleges Funk "refused to release CAD logs, body-worn camera footage, and other public records, failed to conduct a proper investigation, and improperly merged Plaintiff's assault with unrelated matters."[33] None of the listed acts or omissions were due Sears at the time of her arrest. Further, there are no facts alleged indicating Sears' right to litigate or access the court was restricted. The access to court claim is dismissed.

The Slidell officers maintain qualified immunity relative to the remaining section 1983 claims. Qualified immunity may be asserted at the motion to dismiss stage of proceedings. *See Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022)

---

[33] *Id.*

("[Q]ualifed immunity is more than a mere defense to liability … It's also an immunity from suit … And one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive.") (internal quotation marks and citations omitted). State officials sued in their individual capacities enjoy qualified immunity "when they could have reasonably believed that their actions were legal." *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024) (citation omitted). The burden is on the plaintiff to show the qualified immunity defense does not apply. *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). To defeat a qualified immunity defense, a plaintiff must allege: (1) a violation of a constitutional right; and (2) that right was "clearly established" at the time of the alleged violation. *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). The possible constitutional violations identified from Sears' complaint are: (1) excessive force and unlawful seizure; (2) denial of medical care; and (3) failure to intervene.

**A. Excessive Force and Unlawful Seizure**

To prevail on an excessive force claim under section 1983, "a plaintiff must show that he was seized and that he 'suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)).

According to Sears' complaint, Wallace repossessed the vehicle. When he began, Sears refused to exit and allegedly sustained injuries. She then called police requesting aid and, later that day, lost consciousness and required emergency medical treatment.

Wallace is a private actor. Sears makes no allegation that her injuries resulted from any, much less excessive, physical force by the Slidell officers. To the extent Sears contends the vehicle was unlawfully seized, the seizure was by Wallace, not the Slidell officers. Sears' section 1983 claims for excessive force and unlawful seizure against the Slidell officers fail.

**B. Denial of Medical Care**

"After the initial incidents of a seizure have concluded and an individual is being detained by police officials but has yet to be booked, an arrestee's right to medical attention, like that of a pretrial detainee, derives from the Fourteenth Amendment." *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir.1996). "The Due Process Clause of the Fourteenth Amendment guarantees that a person detained by the police is entitled to medical care." *Carter v. Reach*, 399 Fed. App'x. 941, 942 (5th Cir. 2010) (citation omitted). Police officers violate that right if they are deliberately indifferent to a serious illness or injury to a plaintiff. *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 395 (5th Cir. 2000). Deliberate indifference requires a showing the defendant subjectively knew of a substantial and significant

risk and effectively disregarded that risk. *Id.* The plaintiff must also demonstrate "substantial harm" resulted from that conduct. *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020).

"Deliberate indifference is an extremely high standard to meet and cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm … When multiple officials are named as defendants, each officer's knowledge and response is evaluated individually, to the extent possible." *Stapleton v. Lozano*, 125 F.4th 743, 749 (5th Cir. 2025) (citations omitted).

Sears' complaint is inadequate to determine if she was a "pretrial detainee", or whether she was ever held in detention or placed under arrest. *See Bell v. Wolfish*, 441 U.S. 520, 523 (1979) (defining pretrial detainees as "persons who have been charged with a crime but who have not yet been tried on the charge"). Due to the vague complaint, the extent of Sears' injuries, when and how they occurred, and what exactly each individual Slidell officer did or did not do relating to her medical needs cannot be determined. Without sufficient factual allegations, Sears' section 1983 claim for denial of medical care against the Slidell officers fails.

**C. Failure to Intervene**

An injury rising to the level of a constitutional violation is a necessary predicate to a section 1983 claim for failing to intervene. *See Espinal v. City of Houston*, 96 F.4th 741, 745 n.4 (5th Cir. 2024) ("[B]ystander liability would be

predicated on an underlying constitutional violation. Because we conclude [plaintiff] has failed to allege any violation of his constitutional rights by anyone, his bystander claims against [the police officers] necessarily fail.") (citation omitted). Sears fails to plausibly allege a claim for excessive force, unlawful seizure, or deliberate indifference to medical care, thus her failure to intervene claim cannot proceed.

Sears has not adequately pled any violation of her constitutional rights. Thus, she fails to defeat the officers' assertion of qualified immunity, and her section 1983 claims against them cannot proceed.

*C. Motions to Dismiss (Cooks Complaint) — GCAR and Christopher Wallace*

Other than being listed as defendants, Cooks alleges no facts against GCAR and Wallace.[34] Cooks' allegations are limited to her interactions with the Slidell officers. Cooks' claims against GCAR and Wallace are dismissed.

## III. CONCLUSION

**IT IS ORDERED** that Defendant GM Financial's Motion to Dismiss (R. Doc. 17), the Rule 12(B)(6) Motion to Dismiss Complaint (R. Doc. 23) filed by defendants City of Slidell, Bryan LeBlanc, Kevin Kellum, Ashley Neveaux, Joshua Funk, Michael Rice, and Randy Fandal, the Motion to Dismiss (R. Doc. 28) filed by defendants Carly Davis, Darren Guillot, Christopher Wallace, and Gulf Coast Asset Recovery, L.L.C., and the Motion to Dismiss (R. Doc. 29) filed by defendants

[34] R. Doc. 1 (25-cv-2551) at 9–10.

Christopher Wallace and Gulf Coast Asset Recovery, L.L.C. are **GRANTED**. Sears' claims against GM Financial, City of Slidell, Bryan LeBlanc, Kevin Kellum, Ashley Neveaux, Joshua Funk, Michael Rice, Randy Fandal, Carly Davis, Darren Guillot, Christopher Wallace, and Gulf Coast Asset Recovery, L.L.C., are **DISMISSED, WITHOUT PREJUDICE**. Cooks' claims against Christopher Wallace and Gulf Coast Asset Recovery, L.L.C. are **DISMISSED, WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Sears and Cooks are granted leave to amend their complaints within *twenty-one days* of the date of this order.

**IT IS FURTHER ORDERED** that the Motion to Clarify Scope of Consolidation (R. Doc. 31) is **DENIED**.

New Orleans, Louisiana this 15th day of October 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE